Friday, October 16. The Judges delivered their opinions.
Judge Tucker,
after stating the case, made the following observations: The right of appealing from the judgment or proceedings of a Court of record, being unknown to the common law, must depend upon the statutes which allow it in certain cases.
The appellate jurisdiction of the District Courts is thus limited by the law of Virginia, 1794, c. 66. sect. 53. [Rev. Code, 1 vol. p. 82.] “ Where any person or persons, body politic or corporate, shall think themselves " aggrieved by the judgment or sentence of any County " Court, or Court of Hustings, in any action, suit, or contest whatsoever, where the debt or damages, or other “ thing recovered or claimed in such suit, exclusive of the “ costs, shall be of the value of 100 dollars, or 3,000 pounds “ of tobacco, or upwards, or where the title or bounds of “ lands shall be drawn in question, or the contest shall be " concerning mills, roads, the probate of wills, or certificates for obtaining administration, such person, &c. may " enter an appeal to the next District Court."
It requires but slender talents, or discernment, to discover that orders for binding out apprentices, or for rescind *419 ing their indentures are not comprehended in this clause; nor has any other statute been pointed out which supplies the omission.
An appeal from the order of the County Court, therefore, did not lie in this case; and since it did not, the District Court could not obtain jurisdiction of the case in this mode, any more than it could obtain jurisdiction in the case of an appeal from a judgment at common law, where the debt or damages might be under 100 dollars; although it might, without question, obtain jurisdiction in such a case, by a writ of error, or of supersedeas, if the debt or damages should exceed 33 dollars 33 cents.
Mr. Warden, however, complains heavily of the doctrine, that no remedy can be had against the erroneous or *even arbitrary proceedings of a County Court in cases of this nature. But, I apprehend, it does not necessarily follow that such proceedings cannot be re-examined or reversed in a superior Court, because the Legislature have not granted an appeal. A writ of certiorari lies at common law to examine and affirm or reverse proceedings and judgments in inferior Courts: and, for the purposes of removing not only legal but likewise equitable proceedings, it lies from the High Court of Chancery in England. It also lies from the Court of King’s Bench in England to all inferior Courts unless expressly exempted by the words of a statute.(a) I have always supposed that the General Court, as originally constituted (Oct. 1777, c. 17.) in conformity with the apparent intention of the Constitution, possessed every power, jurisdiction, and authority, that a Court of common law could possess, except in original suits of less value than ten pounds, and appeals under the same amount. The clause defining its jurisdiction is as comprehensive as words can make it. It declares that, “ it shall be general over all " persons, and in all causes, matters, and things at common “ law, whether brought before them by original process, by “ appeal from any inferior Court, habeas corpus, certiorari, “ writ of error, supersedeas, mandamus, or by any other legal “ ways and means.”—Then follows a proviso, that no person shall sue out original process for the trial of any matter or thing in the General Court, of less value than ten pounds, except in certain enumerated cases, on penalty of being nonsuited, and having his suit dismissed with costs.—In inquiring into its powers we are to look into the proviso, for an exception to them; and, if we find no exception, there can be no doubt of the power, unless it can be expressly taken away or limited by some other clause. If these general powers be not transferred to the District Courts, with *420 in their respective districts, they must still remain with the General Court, under the third section of the act of 1792,(a) for it certainly was not the intention of the Legislature to extinguish them altogether. If this opinion be correct, a remedy still lies open to persons aggrieved in cases of this sort, though not by appeal: but whether it ought to be pursued in the General Court, or in the District Court, is a point upon which I mean not to offer an opinion.—I have merely thrown out these hints by way of answer to the complaints of the counsel employed on behalf of the gentlemen who conceive themselves *aggrieved by the proceedings of the County Court. But have this Court the power to correct the error of the District Court in sustaining its jurisdiction over the cause, when brought before them in this unauthorised and illegal manner? This must depend upon the statute which constitutes this Court, and describes and limits its jurisdiction.(b)
The 14th section of that act declares that “ appeals, writs “ of error and supersedeas, may be granted, heard and determined by the Court of Appeals to and from any final “ decree or judgment of the High Court of Chancery, “ General Court, and District Courts, in the same manner “ and on the same principles, as appeals, writs of error “ and supersedeas, are to be granted, heard, and determined by the High Court of Chancery, and District “ Courts to and from any final judgment or decree of a “ County, City, or Borough Court.”
What is meant by this declaration, that appeals to this Court from the District Courts shall be granted on the same principles as appeals to those Courts may be granted from the County Courts? I understand it as referring us to the act which grants appeals from those Courts, for the several cases, in which appeals may be granted to this Court. And if we do not find that an appeal in any given case does lie from the County Court to the District Court, neither can an appeal lie from thence to this Court.
Let us suppose a judgment at common law rendered against a man in a County Court for a debt of 99 dollars, exclusive of costs, and that that Court should allow an appeal to the District Court, and, upon the affirmance thereof in that Court, the defendant were to appeal to this Court—Could this Court take cognizance of the case? I apprehend not—for the jurisdiction of this Court in such a case is expressly limited to judgments to the amount of 100 dollars, exclusive of costs. What then must this Court do? Shall it assume jurisdiction itself, for the purpose of correcting the error of the District Court in assuming jurisdiction *421 where it hath none? or shall the appeal be dismissed for want of jurisdiction? The latter course was adopted in the case of Hepburn v. Lewis.(a) Although the damages laid in the plaintiff’s declaration were 50l. yet as he obtained a verdict for less than 30l. from the judgment on which he appealed, this Court declared his appeal ought not to have been allowed, and dismissed it. So, in the case of Bedinger v. the Commonwealth,(b) and several subsequent cases of a similar nature, the Court *dismissed the appeals, because it had not jurisdiction. Now, if the District Court had not jurisdiction upon an appeal in this case, and if appeals from the District Courts are to be granted upon the same principles as from the County Courts, how can this Court have jurisdiction? For, the foundation failing, the superstructure, I apprehend, must do so. Suppose this had been a criminal prosecution in the County Court, and a fine of 100 dollars had been assessed, and, upon an appeal to the District Court, the judgment had been affirmed; could this Court have done more than dismiss the appeal, (as in Bedinger’s case,) if the District Court had allowed one to be entered? I apprehend not; and I cannot distinguish between the principle in the case supposed, and that now before us.
Being of opinion that we have no jurisdiction of this case, I decline entering into the merits of it, and only give my opinion that the appeal should be dismissed.
Judge Fleming.
The County and Corporation Courts, having exclusive jurisdiction, in the first instance, respecting the care of, and binding out, poor orphans, and of hearing complaints between apprentices and their masters and mistresses, have power to vary and rescind their orders, with respect to them from time to time, at their discretion, as circumstances may require; and no appeal lies from any order made by such Courts on those subjects: and any person, thinking him or herself aggrieved by such order, may pursue another mode of redress, as pointed out by the Judge who preceded me. The County Court of Goochland therefore erred in allowing an appeal from their order of the 18th of August, 1801; and there is error in the District Court, in taking cognizance of the case, which that Court ought to have dismissed for want of jurisdiction. I am therefore of opinion (without considering the merits of the case) that the judgment of the District Court ought to be reversed. If, instead of reversing the judgment, this appeal should now be dismissed, the order of Goochland Court, of the 18th of August, 1801, would remain reversed *422 by the judgment of a Court that had no jurisdiction of the case.
The case of Bedinger and others v. The Commonwealth, has been mentioned as similar to the one now before us; but to me they appear essentially different. That was a criminal prosecution for bribery and corruption, tried in the District Court of Winchester, in which there was a judgment against the defendants, who appealed to this Court, *which, for want of jurisdiction, dismissed the appeal, without inquiring into the merits of the case; leaving in force the judgment rendered by a Court that had competent and final jurisdiction of the cause.

 See Gwyllim’s Bac. Abr. 559.561. 2 Burr. 1042. Rex v. Morley & others. 1 Ld. Raym 580. Rex v. Inhabitants of-in Glamorganshire.

 L. V. edit. 1794, c. 65. p. 70.

 L. V. edit. 1794, c. 63. Rev. Code, vol. 1. p. 60.

 2 Call, 498.

 3 Call, 461.